**In re John R. HANSON, Debtor.**

**CLARK & GREGORY, INC., Plaintiff,**

v.

**John R. HANSON, Defendant.**

Bankruptcy No. SG 97–04715.
Adversary No. 97–88371

United States Bankruptcy Court,
W.D. Michigan.

Nov. 24, 1998.

**SUPPLEMENTAL OPINION AND ORDER DETERMINING DAMAGES**

JO ANN C. STEVENSON, Bankruptcy Judge.

Following entry of a partial decision in this case on September 17, 1998, *See* 225 B.R. 366 (Bankr.W.D.Mich.1998), the court required the parties to return in order to clarify the

record regarding the estimation of damages as to the unsold excess inventory remaining in the possession of Clark & Gregory (C & G) at the time of the commencement of the trial. This inventory had been ordered by the debtor, John Hanson (Hanson), in the course of his employment as general manager.

As a result, a hearing was scheduled for November 12, 1998. On October 20, 1998, Hanson filed a Motion for Entry of Judgment stating that the court's September 17, 1998 opinion constituted its verdict on a closed record as to the issues raised by the parties and was therefore the only basis on which a final judgment could be entered. In response, C & G argued that this court, being a court of equity, could in its discretion make additional findings. To the extent necessary, C & G requested that its response be considered a motion to amend findings of fact on the issue of damages. After careful review of the transcript and the exhibits which were properly admitted and received during the course of trial, the court amends its previous ruling to include the following damages for excess inventory.

According to the testimony of Gary Ramsden, current president of C & G, at the end of every year there would be approximately 15% of that year's new inventory unsold. Therefore, this court concludes that it would be inappropriate to assess as damages all the remaining excess inventory as of the date of trial. Consequently, using the undisputed figures presented by C & G, in its Summary of Damage Claims provided under Fed. R.Evid. 1006, we find the total amount of excess inventory orders, including sales below cost and sweaters remaining in inventory, along with the interest expense on the excess inventory ordered equals $687,131.52. Subtracting 15% of the total figure which would remain unsold in any given year, the total damages including interest for the excess inventory portion of the nondischargeable damage claim equals $584,061.80

The court is aware that there is more inventory left over now than in average years due to Hanson's excess ordering scheme. Looking once again to Ramsden's testimony, C & G might receive only 20% of the actual value of the inventory "once they get down to the last truckload going out". Accordingly, using 20% of the value of the excess inventory as the lowest figure of recoupment and 100% as the highest amount possible, the average figure of recovery of the 15% left over at the end of the previous years would be 60 cents on the dollar. Consequently, the damages attributable to Hanson's excess ordering of inventory also include 60% of the remaining 15% or $61,841.83.

NOW, THEREFORE, IT IS ORDERED as follows:

1. To the extent they are not mutually exclusive, Plaintiff C & G's Motion to Amend Its Previous Findings of Facts and Defendant's Motion for Entry of Judgment be and hereby are GRANTED,

2. The debt of $645,903.63 representing the excess inventory portion of C & G's claim is hereby determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A),

3. The debt of $141,713.03 representing the kickback portion of C & G's claim is hereby determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A),

4. The debt of $72,500.00 for the embezzlement portion of C & G's claim is hereby determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(4),

5. The debt of $8,400.00 minus the cost of three sweaters purchased by Hanson for the conversion portion of C & G's claim is hereby determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6),

6. C & G's request for attorney's fees is hereby DENIED,

IT IS FURTHER ORDERED that this Supplemental Opinion and Order shall be served by first-class United States mail, upon Edward Clark of Clark & Gregory, Inc., Robert E.L. Wright, Esq., John R. Hanson, and Charles S. Rominger, Esq.